**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| CHARLES NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-cv-00939 |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Charles Nelson filed a pro se Complaint alleging violations of his civil rights before and during his incarceration in the Tennessee Department of Correction. (Doc. No. 1). He later filed two supplements to the Complaint. (Doc. Nos. 5, 6). The Complaint is before this Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A. As explained below, the Complaint and this action will be dismissed.

### I.      FILING FEE

Nelson filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Nelson's IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.[1]

---

[1] Ordinarily, upon a plaintiff's release from incarceration, the Court would require him to file an updated IFP Application based on his current financial situation. See In re Prison Reform Litigation Act, 105 F.3d 1131, 1139 (6th Cir. 1997). However, because this Order will resolve the case, a renewed IFP Application is not necessary at this time.

1

## II. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The Court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. THE COMPLAINT

Nelson sues 27 Defendants, including the State of Tennessee, a state-court judge, a county prosecutor, a public defender, and several law enforcement and correctional officers. (Doc. No. 1 at 1; Doc. No. 6 at 3−6).

The Complaint alleges that Nelson was unlawfully arrested and then convicted for the sale of crack cocaine within 1,000 feet of a school. (Doc. No. 1-1 at 1−2).

2

In addition to these allegations regarding Nelson's convictions, the Complaint alleges several instances of force against Nelson by prison and jail staff, dating from March 2017 through March 2022. (Doc. No. 1-1 at 3; Doc. No. 5 at 7; Doc. No. 6 at 2). The Complaint also alleges two instances of inmates attacking Nelson, in December 2022 and May 2023. (Doc. No. 1-1 at 3; Doc. No. 6 at 2).

## IV. ANALYSIS

Nelson's claims challenging the lawfulness of his conviction are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994). His claims alleging excessive force and attacks by other inmates are untimely. The Complaint will be dismissed in its entirety.

### A. Challenges to Conviction

To the extent Nelson challenges the lawfulness of his conviction, such claims will be dismissed because Nelson has not alleged that his underlying "conviction or sentence has already been invalidated." Heck, 512 U.S. at 486−87 ("[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.").

### B. Untimely Section 1983 Claims

Tennessee's one-year statute of limitations applies to Nelson's Section 1983 claims. See Harris v. United States, 422 F.3d 322, 331 (6th Cir. 2005); Zundel v. Holder, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). However, federal law determines "[t]he date on which the statute of limitations begins to run." Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634−35 (6th Cir. 2007).

3

"[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007); see King v. Harwood, 852 F.3d 568, 578−79 (6th Cir. 2017) (same for claims of false imprisonment). For excessive-force and failure-to-protect claims, the limitation period begins to run when the alleged incident occurred. Dibrell v. Rex, No. 25-5334, 2025 WL 3285587, at *3 (6th Cir. Nov. 25, 2025).

Here, the most recent incident Nelson alleges occurred on May 3, 2023. (Doc. No. 6 at 2) (attacked by other inmates). Nelson filed his Complaint on or about July 24, 2024, beyond the one-year limitation period. (Doc. No. 1 at 11). Accordingly, Nelson's Section 1983 claims will be dismissed as untimely.

## V. CONCLUSION

Nelson's IFP Application (Doc. No. 2) is **GRANTED**.

The Court has reviewed the Complaint pursuant to the PLRA, and this action will be **DISMISSED**. To the extent Nelson challenges the lawfulness of his conviction, such claims are **DISMISSED** based on the principles set forth in Heck. Nelson's remaining Section 1983 claims are **DISMISSED** as untimely under the applicable statute of limitations.

This order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4